IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**KELLY WAYNE EASLEY**                                                                    **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 5:25-cv-00016-DCB-BWR**

**PIKE COUNTY JAIL**                                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* for consideration of dismissal. When he filed his Complaint on February 18, 2025, *pro se* Plaintiff Kelly Wayne Easley was an inmate housed at the Pike County Jail in Magnolia, Mississippi. Compl. [1] at 1. His claims arise under 42 U.S.C. § 1983, and he names Pike County Jail as Defendant. *Id*. The Court has thoroughly reviewed and liberally construed the record and concludes that this case should be dismissed without prejudice for Plaintiff's failure to obey the Court's orders and to prosecute.

### I. BACKGROUND

On April 14, 2025, while screening this case under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq*., the Court ordered Plaintiff to answer a series of questions that would aid the Court in assessing his claims. Order [11] at 2. Plaintiff's written response was due to be filed by April 28, 2025, and he was warned that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." *Id*. at 2-3. That Order [11] was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order [11] by the April 28 deadline.

On May 8, 2025, the Court ordered Plaintiff to show cause "in writing and explain why this case should not be dismissed for failure to comply with the Court's Order [11]." Order [13]

at 2. Plaintiff's responsive deadline was extended to May 22, 2025, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." *Id*. The Order to Show Cause [13], with a copy of the Court's April 14 Order [11], was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Order to Show Cause [13] by the May 22 deadline.

On June 4, 2025, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [13] [11]." Order [14] at 2. Plaintiff was directed to file a written response on or before June 18, 2025. *Id*. Plaintiff was also directed, on or before the June 18 deadline, to comply with the Court's April 14 Order [11] "by filing a written response to fully answer the questions posed therein." *Id*. Plaintiff was again warned "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address **will be** deemed a purposeful delay and contumacious act by Plaintiff and **will result** in this lawsuit being dismissed without prejudice and without further notice to him." *Id*. (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [13] [11]." *Id*. The Second and Final Order to Show Cause [14], with a copy of the Court's May 8 Order [13] and April 14 Order [11], was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable in an envelope marked, "not here." Envelope [15] at 1.

To date, Plaintiff has not responded to the Court's April 14, May 8, or June 4 Orders [11], [13], [14] or otherwise contacted the Court about his case since April 10, 2025. *See* Ack.

2

[9]. Despite independent research, the Court has been unable to determine Plaintiff's current mailing address.

## II. DISCUSSION

The Court may dismiss an action for a plaintiff's failure to obey the Court's orders under Federal Rule of Civil Procedure 41(b) and its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming *sua sponte* dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

This case has been pending for almost five months but has yet to progress past its relative infancy because of Plaintiff's failure to comply with the Court's Orders. Specifically, Plaintiff did not comply with three Court Orders [11] [13] [14] after being warned seven times that failing to do so may lead to the dismissal of his case. *See* Second and Final Order to Show Cause [14] at 2; Order to Show Cause [13] at 2; Order Requiring Plaintiff to Respond [11] at 2-3; Order Setting Payment Schedule [10] at 3; Order [8] at 2; Order [3] at 2; Notice of Assignment [1-1] at 1. Despite these warnings, Plaintiff has failed to take any action whatsoever in this case since April 10, 2025, and this inaction includes his failure to keep the Court apprised of his current

mailing address.  Such inaction represents a clear record of delay, contumacious conduct, and lack of interest by Plaintiff, and it is apparent that he no longer wishes to pursue this lawsuit.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile."  *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (finding that "explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket").  Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED**, this  3rd  day of July, 2025.

s/David Bramlette<br>
UNITED STATES DISTRICT JUDGE